# EXHIBIT 5



# Decision No. 18,095

Appeal of WILLIAM KING MOSS III from action of the Board of Education of the Brentwood Union Free School District; superintendent Richard Loeschner; trustees Robert Feliciano, G. Paula Moore, Julia Burgos, Eileen Felix, Simone Holder-Daniel, Maria Gonzalez-Prescod and Cynthia Ciferri regarding a personnel matter and application for the removal of Richard Loeschner as superintendent and Robert Feliciano, G. Paula Moore, Julia Burgos, Eileen Felix, Simone Holder-Daniel, Maria Gonzalez-Prescod and Cynthia Ciferri as trustees.

Decision No. 18,095

(March 8, 2022)

Ingerman Smith, LLP, attorneys for respondent, Edward H. McCarthy, Esq., of counsel

ROSA., Commissioner.--Petitioner appeals from action of the Board of Education of the Brentwood Union Free School District ("respondent board"), Richard Loeschner as superintendent; Robert Feliciano, G. Paula Moore, Julia Burgos, Eileen Felix, Simone Holder-Daniel, Maria Gonzalez-Prescod, and Cynthia Ciferri as trustees ("trustees") (collectively, "respondents") concerning the appointment of Rosa Cortese[1] and Rosa Nieves.  Petitioner additionally seeks removal of the superintendent and trustees from office.  The appeal must be dismissed and the application must be denied.

In July 2020, petitioner, Ms. Cortese, and Ms. Nieves applied for vacant elementary principal positions in respondent board's district.  Ms. Cortese and Ms. Nieves were subsequently interviewed by the district's Level I Interview Team on August 3, 2020; petitioner was interviewed the following day.  Five candidates, including Ms. Cortese and Ms. Nieves, advanced to a Level II Interview.  Petitioner was not one of these candidates.  Subsequently, respondent board appointed Ms. Nieves and Ms. Cortese to the position of principal.  This appeal and application ensued.

Petitioner argues that respondents' decision not to advance his application was motivated by racial discrimination.  Petitioner also complains that he received only 24 hours' notice of his scheduled interview.  Petitioner further alleges that respondents did not follow board policy in connection with the appointment of Ms. Cortese and Ms. Nieves.  Petitioner additionally contends that he was more qualified for one of the principal positions because, unlike Ms. Cortese and Ms. Nieves, he is a district resident and is certified to teach bilingual education.  Petitioner also maintains that, from 2017 through August 2020, respondents exhibited a pattern of excluding and removing African Americans from district employment.[2]  For relief, petitioner seeks removal of the trustees and superintendent; reversal of the appointments of Ms. Cortese and Ms. Nieves; and appointment of a distinguished educator.

Respondents argue that the appeal must be dismissed, among other reasons, for improper service.  Respondents deny any wrongdoing in connection with the appointment of Ms. Cortese and Ms. Nieves.

Respondents further deny that they engaged in racial discrimination and assert that petitioner has failed to establish a clear legal right to his requested relief.

First, I must address several preliminary matters. Respondents argue that the petition must be dismissed for improper service. Section 275.8 (a) of the Commissioner's regulations requires that the petition be personally served upon each named respondent. If a school district is named as a respondent, service upon the school district shall be made personally by delivering a copy of the petition to the district clerk, to any trustee or any member of the board of education, to the superintendent of schools, or to a person in the office of the superintendent who has been designated by the board of education to accept service (8 NYCRR 275.8 [a]; *Appeal of B.H.*, 57 Ed Dept Rep, Decision No. 17,246; *Appeal of Peterson*, 48 *id.* 530, Decision No. 15,939).

At the time this appeal and application was commenced, section 275.8 (b) of the Commissioner's regulations allowed petitioner to effectuate alternative service on a school district in the following manner: (1) by mailing the petition, notice of petition and all supporting papers by first class mail in an envelope bearing the legend "APPEAL TO THE COMMISSIONER OF EDUCATION" (in capitalized letters) … to the attention of the district clerk and superintendent of schools …; and (2) on the same date as the mailing, emailing the petition, notice of petition and all supporting papers under the subject heading "APPEAL TO THE COMMISSIONER OF EDUCATION" (in capitalized letters) … to both the district clerk and superintendent of schools …. Service shall be deemed complete upon completion of both steps identified above (8 NYCRR 275.8 [f]). To the extent that respondents maintain that there were no movement restrictions preventing petitioner from personal service, the overall intent of the amendment to 8 NYCRR 275.8 (f) was "to address numerous issues resulting from the interruptions caused by the COVID-19 crisis." As such, I find that it is within the spirit of the amendment to permit alternative service under the circumstances (*see generally Appeal and Application of Moss and Sealy*, 60 Ed Dept Rep, Decision No. 18,001; *Appeal of Megerell and Yager*, 60 *id.*, Decision No. 17,996).

Respondents also argue that petitioner failed to comply with 8 NYCRR 275.8 (f) insofar as petitioner emailed the petition on October 2, 2020, but respondents received the petition in the mail four days later. Respondents also claim that petitioner's email did not contain the subject heading "APPEAL TO THE COMMISSIONER OF EDUCATION." Respondent has not identified any prejudice arising from this technical noncompliance. Therefore, I find that petitioners substantially complied with 8 NYCRR 275.8 (f) such that dismissal of the appeal and application is not warranted (*Appeal of D.M. and J.D.*, 61 Ed Dept Rep, Decision No. 18,031; *see generally Appeal of Nappi*, 57 *id.*, Decision No. 17,300; *Appeal of A.L.P.*, 43 *id.* 320, Decision No. 15,006).

Respondents also argue that the petition must be dismissed as untimely. An appeal to the Commissioner must be commenced within 30 days from the decision or act complained of, unless any delay is excused by the Commissioner for good cause shown (8 NYCRR 275.16; *Appeal of Saxena*, 57 Ed Dept Rep, Decision No. 17,239; *Appeal of Lippolt*, 48 *id.* 457, Decision No. 15,914). This appeal and application was commenced by service of the petition within 30 days of the appointment of Ms. Cortese and Ms. Nieves. However, petitioner raises several other allegations that occurred many months, and in some cases years, prior to October 2020. To the extent petitioner seeks redress for these allegations, they are untimely and cannot be addressed (*see Appeal of Moss*, 60 Ed Dept Rep, Decision No. 17,952; *Appeal of Cea*, 58 *id.*, Decision No. 17,483).

Additionally, petitioners' claims of employment discrimination must be dismissed as outside the scope of an appeal to the Commissioner pursuant to Education Law § 310 (*e.g., Appeal and Application of Moss and Sealy*, 60 Ed Dept Rep, Decision No. 18,001; *Appeal and Application of Moss*, 60 *id.*, Decision No. 17,952).

As to petitioner's remaining claims, he has failed to meet his burden of proving the facts upon which he seeks relief. In an appeal to the Commissioner, a petitioner has the burden of demonstrating a clear legal right to the relief requested and establishing the facts upon which he or she seeks relief (8 NYCRR 275.10;

*Appeal of P.C. and K.C.*, 57 Ed Dept Rep, Decision No. 17,337; *Appeal of Aversa*, 48 *id.* 523, Decision No. 15,936; *Appeal of Hansen*, 48 *id.* 354, Decision No. 15,884).  In support of his allegations, petitioner submits three exhibits:  (1) a printout of his teacher certification information, which reflects his possession of a "Bilingual Education Extension Permanent Extension"; (2) a printout of teacher certification information lookup for Ms. Ana Martinez, an individual whose appointment is not challenged in this appeal; and (3) a copy of the Commissioner's decision in *Application and Appeal of Moss* (58 Ed Dept Rep, Decision No. 17,602).

This limited proof does not demonstrate any wrongdoing in connection with the recruitment and appointment of Ms. Cortese and Ms. Nieves.   Moreover, "the mere fact that petitioner may have been qualified for [a] position does not give him a legal entitlement to the position based upon respondents' [alleged] failure to follow a procedure outlined in board policy" (*Application and Appeal of Moss*, 58 Ed Dept Rep, Decision No. 17,602).  As such, petitioner has failed to meet his burden of proving any wrongdoing, let alone a violation of the Education Law or other act pertaining to the common schools (*see* Education Law § 306 [1]).  Petitioner is reminded that "an appeal pursuant to Education Law §310 or an application for removal under Education Law §306 will not succeed on bald assertions alone" (*Application of Moss*, 60 Ed Dept Rep, Decision No. 17,965).

I have considered petitioner's remaining contentions and find them to be without merit.

THE APPLICATION IS DENIED AND THE APPEAL IS DISMISSED.

END OF FILE

---

[1] Petitioner asserts that Ms. Cortese is "also known as" Rosamaria Cortese.  The record generally refers to Ms. Cortese as Rosa Cortese, which is utilized herein.


[2] To the extent that petitioner raises claims on behalf of nonparties Veronique Bailey and Tracey Adams, such claims are not properly before me and will not be addressed in this appeal (*Appeal and Application of Moss and Sealy*, 60 Ed Dept Rep, Decision No. 18,001; *Appeal of Northington*, 60 *id.*, Decision No. 17,982).



New York State Education Building
89 Washington Avenue
Albany, NY 12234

CONTACT US 📞

**NYSED General Information:** (518) 474-3852
ACCES-VR: 1-800-222-JOBS (5627)
TASC (formerly GED): (518) 474-5906
New York State Archives: (518) 474-6926
New York State Library: (518) 474-5355
New York State Museum: (518) 474-5877
Office of Higher Education: (518) 486-3633
Office of the Professions: (518) 474-3817
P-12 Education: (518) 474-3862

© 2015 - 2024 New York State Education Department